UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESUS GONZALEZ,

Petitioner,

-vs-

DAVID MARTUSCELLO,

Respondent.

**DECISION AND ORDER**
**No. 10-CV-6025(MAT)**

## I. Introduction

Pro se petitioner Jesus Gonzalez ("Petitioner") challenges the constitutionality of his State custody by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gonzalez was convicted after a non-jury of, inter alia, attempted sodomy in the first degree, attempted sodomy in the second degree, and attempted sexual abuse in the first degree, for sexually assaulting an elderly woman with advanced dementia while he worked as an aide at a residential facility for persons with Alzheimer's disease. Gonzalez is currently serving concurrent maximum sentences on all charges, the longest of which if fifteen years, to be followed by a five-year term of post-release supervision.

## II. General Legal Principles

Federal review of a State court conviction is limited to errors of Federal constitutional magnitude that denied a criminal defendant the right to a fundamentally fair trial. See Cupp v. Naughton, 414 U.S. 141 (1973). Under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), which applies to Gonzalez's petition, a Federal court may grant habeas relief on a claim that was "adjudicated on the merits" in state court if it resulted in a decision that either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented . . . ." 28 U.S.C. § 2254(d)(1), (2).

## III. Discussion

### A. Ground One: Ineffective Assistance of Trial Counsel

Petitioner contends that he was denied effective assistance of counsel because counsel (1) failed to call as witnesses certain co-workers to testify as to bias and motive to lie on the part of an eyewitness; (2) failed to object to bolstering and hearsay; (3) failed to effectively cross-examine the senior administrative staff; (4) failed to ask prosecution witnesses why they did not report prior incidents; (5) failed to move for sanctions for an alleged disclosure violation; (6) failed to call an expert witness on the issue of the victim's inability to consent; (7) failed to renew a motion for a trial order of dismissal at the close of all proof; and (8) failed to ensure that Petitioner was present at all sidebar conferences.

**1. Exhaustion**

"[A] federal court must consider whether a habeas petitioner adequately exhausted state remedies by fairly presenting both the factual and legal premises for his federal claim to the appropriate state courts." Acosta v. Artuz, 575 F.3d 177, 185 (2d Cir. 2009) (citations omitted). Petitioner's main brief before the Appellate Division addressed (6) and (7) as alleged bases for a claim of ineffective assistance. However, as Respondent argues, the remaining grounds petitioner now raises for his claim of ineffective assistance were never presented in state court. Thus, as to those grounds, Petitioner has failed to exhaust his state remedies. Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (all of the allegations supporting an ineffective assistance of trial counsel claim must have been presented to the state courts, allowing them the opportunity to consider all the circumstances and cumulative effect of the claims as a whole).

Petitioner's remaining claims of ineffective assistance of trial counsel (claims (1) through (5) and (8)) should be "deemed exhausted" but procedurally defaulted. "[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" federal habeas courts also must deem the claims procedurally defaulted." Aparicio v. Artuz, 269 F.3d 78, 90 (2d

Cir. 2001)(citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Petitioner cannot return to State court to exhaust these claims because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.20(a)(2) (providing in relevant part that "only one application is available [for leave to appeal to the Court of Appeals in a criminal case]"). If he were to raise it in a motion to vacate, it would be mandatorily dismissed under C.P.L. § 440.10(2)(c) because the claims could have been raised on direct appeal. It is true that "New York courts have held that some ineffective assistance claims are 'not demonstrable on the main record' and are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record." Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir.1983) (quotation and citation omitted)). However, these claims–such as the failure to cross-examine and the failure to ensure Petitioner's presence at sidebars–all pertain to matters that are readily discernable on the trial record and could have been raised on direct appeal. Furthermore, appellate counsel did raise an argument concerning trial counsel's performance on direct appeal but did not include these specific claims.

The procedural bar that results in the constructive exhaustion of the claims also creates a procedural default. See Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Courts will not review the

merits of procedurally defaulted claims unless the petitioner can show (1) cause for the default and actual prejudice resulting therefrom; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. Aparicio, 269 F.3d at 91. Gonzalez cannot avoid such a default because he is unable to show cause for the default and prejudice resulting therefrom, or that this Court's refusal to hear the claim would result in a fundamental miscarriage of justice. Accordingly, these claims are dismissed.

**2. Merits of the Exhausted Ineffectiveness Claims**

To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. Harrington v. Richeter, 131 S. Ct. 770, 787 (2011) (citing Strickland v. Washington, 466 U.S. 686, 687-88 (1984)). With respect to prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. (citation omitted). Strickland permits counsel to "make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. Counsel was "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." Harrington, 131 S. Ct. at 789 (citations omitted).

**a. Failure to Call an Expert Witness**

With respect to the decision not to call an expert on the victim's inability to consent, Petitioner has not demonstrated that trial counsel's strategy had any effect on the trial's outcome. The evidence was overwhelming that the elderly victim, who had been a patient at the residential facility since 1998, was incapable of consent. Due to her advancing Alzheimer's disease, her dementia had progressed over five years to the point that she had become mute. The victim did not appear to recognize her husband, and she would generally wander aimlessly or simply "stare out into space." Caretakers described the victim as "pliable" and said she had lost her sense of personal space. By the time of the assault, she had been non-verbal for three to three and a half years, and was also unable to communicate non-verbally. In light of this proof that the victim was manifestly incapable of consenting to sexual contact, an expert witness–assuming one could have been found to testify to the contrary–would not have changed the outcome of trial.

**b. Failure to Renew a Motion for a Trial Order of Dismissal**

Petitioner contends that trial counsel was ineffective in failing to renew his motion for a trial order of dismissal after presenting evidence on Petitioner's behalf. Notwithstanding the lack of preservation, the Appellate Division reviewed the merits of Petitioner's sufficiency-of-the-evidence claims on direct appeal and found them to be without merit. In particular, the evidence,

viewed in the light most favorable to the prosecution, was legally sufficient to establish the disputed elements of the crimes. First, there was no consent because the victim was "physically helpless" (i.e, she had advanced Alzheimer's disease and was "physically unable to communicate unwillingness to an act[,]" N.Y. Penal Law § 130.00(7)). Second, there was legally sufficient evidence of intent to commit sodomy provided by the resident aide supervisor, who unlocked the victim's door and caught Petitioner in the act. This witness provided graphic and specific testimony concerning Petitioner's sexual contact with the victim, thus establishing that Petitioner "engage[d] in conduct which tend[ed] to effect the commission[,]" N.Y. Penal Law § 110.00, of the crime.

Petitioner cannot demonstrate that he suffered prejudice as a result of trial counsel's omission since the Appellate Division reviewed the merits of Petitioner's legal-insufficiency argument despite the lack of a timely objection by counsel. Accord, e.g., Cimino v. Conway, No. 08-CV-6318 (MAT), 2011 WL 815677, at *13 (W.D.N.Y. Mar. 2, 2011) (citing Swail v. Hunt, ___ F. Supp.2d ___, 2010 WL 3965696, at *7 (W.D.N.Y. Oct. 12, 2010)).

**B. Ground Two: Verdict Against the Weight of the Evidence and Unsupported by Legally Sufficient Evidence**

Petitioner's contention that the verdict was against the weight of the evidence is not cognizable on Federal habeas corpus review because it does not present a Federal constitutional

question. E.g., Nevins v. Giambruno, 596 F. Supp. 2d 728, 742-43 (W.D.N.Y. 2009) (collecting cases).

Petitioner's challenge to the legal sufficiency of the evidence was found by the Appellate Division to be unpreserved for appellate review. "[T]here can be no doubt that New York case law requires that a sufficiency objection be specifically made to the trial court in the form of a motion to dismiss at trial." Donaldson v. Ercole, No. 06-5781-pr, 2009 WL 82716, at *1 (2d Cir. Jan. 14, 2009) (unpublished opn.) (citing People v. Hines, 97 N.Y.2d 56, 762 N.E.2d 329, 333 (N.Y. 2001) ("[W]e have repeatedly held that an indictment may be dismissed due to insufficient evidence only where the sufficiency issues pursued on appeal were preserved by a motion to dismiss at trial. Indeed, even where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be specifically directed at the alleged error.") (citations and internal quotation marks omitted in original)). Here, defense counsel failed to renew his motion for a trial order of dismissal, thereby failing to preserve the legal-insufficiency claim. Accordingly, as Respondent argues, the Appellate Division's decision denying the claim based upon the lack of a specific, contemporaneous objection rested upon a state law ground that was "independent of the federal question and adequate to support the judgment[,]" Coleman v. Thompson, 501 U.S. 722, 729 (1991). Accord Donaldson, 2009 WL 82716, at *3.

Because of the independent and adequate state procedural bar, the Court cannot review the sufficiency of the evidence claim unless Gonzalez can show cause and prejudice, or that a fundamental miscarriage of justice would occur should this Court decline to consider the claim. Gonzalez has not adduced cause, prejudice, or facts to support the miscarriage of justice exception. Therefore, the claim is dismissed.

**C. Ground Three: Erroneous Admission of Uncharged Bad Acts**

On appeal, the Appellate Division held that witnesses were properly allowed to testify with respect to prior incidents in which Petitioner was found in the presence of patients with his pants undone. Petitioner had told the police that his pants had fallen down in the presence of the victim when the button on his pants "suddenly broke," and the evidence of the prior incidents was thus relevant to establish the absence of mistake or accident, as well as intent. People v. Gonzalez, 62 A.D.3d 1263, 1265 (App. Div. 4th Div. 2009) (citing People v. Molineux, 168 N.Y. 264, 263-64 (N.Y. 1901)).

A decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under People v. Molineux is an evidentiary ruling based in State law. E.g., Roldan v. Artuz, 78 F. Supp.2d 260, 276-77 (S.D.N.Y. 2000) (citations omitted). Challenges to a State court's evidentiary rulings are generally not cognizable on habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). An

evidentiary error raises a question of constitutional dimension and becomes a proper subject for habeas review only where the Petitioner can show that "the introduction of the challenged evidence, [or] the jury instruction as to its use, 'so infused the trial with unfairness as to deny due process of law.'" Id. at 75 (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)); see also Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).

Here, the Appellate Division's ruling was correct as a matter of New York State evidentiary law. E.g., People v. Brown, 57 A.D.3d 1461, 1463 (App. Div. 4th Dept. 2008) (evidence that defendant previously damaged another apartment after receiving an eviction notice from the landlord was admissible to establish intent and the absence of mistake or accident, particularly in view of defendant's theory at trial that the fire was the result of an accident and was not intentionally started).

Whether a Molineux ruling can ever violate due process has been explicitly left undecided by the Supreme Court. See Estelle v. McGuire, 502 U.S. at 75 n. 5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."). Accordingly, the Appellate Division's rejection of Petitioner's challenge to the Molineux ruling here cannot be contrary to or an unreasonable application of clearly established Supreme Court law. See Ponce v. Felker, 606 F.3d 596, 604 (9th Cir.

2010) ("If Supreme Court cases 'give no clear answer to the question presented,' the state court's decision cannot be an unreasonable application of clearly established federal law.") (quoting Wright v. Van Patten, 552 U.S. 120, 126 (2008) (per curiam); citing Carey v. Musladin, 549 U.S. 70, 77 (2006)) see also Ponce, 606 F.3d at 606.

**IV. Conclusion**

For the reasons stated above, Jesus Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Gonzalez has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

S/Michael A. Telesca

____________________________________
MICHAEL A. TELESCA
United States District Judge

DATED: June 28, 2011
Rochester, New York